## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-01830-SBP

SALIMA JANDALI,

      Plaintiff,

v.

SWIFT BEEF COMPANY,

      Defendant.

---

### PLAINTIFF'S <u>UNOPPOSED</u> MOTION FOR LEAVE TO FILE
### FIRST AMENDED COMPLAINT

---

Plaintiff Salima Jandali, by and through her undersigned counsel, hereby submits her Unopposed Motion for Leave to File an Amended Complaint, and in support thereof, states as follows:

### Certification Pursuant to D.C.Colo.LCivR. 7.1

Counsel for Plaintiff certifies they conferred with counsel for the Defendant regarding the relief sought herein. Counsel for the Defendant does not oppose Plaintiff's relief requested.

### Introduction

Plaintiff Jandali seeks leave to amend her complaint to add Count 10 under 42 U.S.C. § 1981, Race Discrimination and Count 11 under 42 U.S.C. § 1981, Retaliation.

A redlined version of Plaintiff's proposed Amended Complaint is attached to this motion as **Plaintiff's Exhibit 1** and a non-redlined version is attached as **Plaintiff's Exhibit 2.**

### Factual Background and Procedural History

1.      On June 11, 2025, Plaintiff filed her Complaint and Jury Demand (ECF No. 1).

2.      Defendant filed their Answer to the Complaint on August 18, 2025 (ECF NO. 9).

3.      A Scheduling Conference was held on October 7, 2025, and a Scheduling Order was subsequently entered (ECF No 19).

4.      According to the Scheduling Order, the deadline for amendment of pleadings is November 21, 2025.

5.      Both parties have exchanged Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) and a first set of written discovery requests.

6.      Plaintiff seeks leave to file her First Amended Complaint to add Count 10 of 42 U.S.C. § 1981 race discrimination, and Count 11 of 42 U.S.C. § 1981 retaliation. These claims of race discrimination and retaliation in contracts are pursuant to the same exact factual bases and legal theories as Plaintiff's existing discrimination and retaliation claims brought pursuant to Title VII of the Civil Rights Act of 1964 (Counts 4 and 5), and the Colorado Anti-Discrimination Act (Counts 6 and 8). No additional factual allegations are proposed.

## Legal Standard

7.      "Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings" and "[a]mendment under the rule has been freely granted." *Starr v. City of Lakewood*, 2008 U.S. Dist. LEXIS 103929, at *2 (D. Colo. Dec. 16, 2008). The same applies under Rule 15 of the Colorado Rules of Civil Procedure. *Alcon v. S. Pueblo Med. Inv'rs, Ltd.*, Case No. 2015CV30089, 2016 Colo. Dist. LEXIS 135, at * 2 (D. Colo. Mar. 29, 2016). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal citation omitted); *see also Alcon*, 2016 U.S. Dist. LEXIS, at *1-2 ("Even where a Claim could have been made in

the original complaint, absent evidence of delay, bad faith, undue expense, or other demonstrable prejudice, a motion to amend a complaint should be granted.") (citing *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (2007)).

8.     Of the factors considered, prejudice is the most important in deciding a motion to amend. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Courts typically find prejudice "only when amendment would unfairly affect defendants in terms of preparing a defense[,]" which occurs most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues[.]" *Id.* at 1208.

9.     It is within the Court's sound discretion to grant leave to amend pursuant to Rule 15(a), with the Rule's aim to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowac-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).

## Argument

10.    Plaintiff's proposed amendments are timely, unopposed and without prejudice to Defendant, and made in good faith to allow plaintiff full vindication of her rights.

11.    Plaintiff's proposed amendment is timely. Plaintiff is within the November 21, 2025 deadline for amendment of pleadings stated in the Scheduling Order.

12.    Next, Plaintiff's amendments will not cause Defendant undue prejudice, and Defendant does not oppose the requested relief. The proposed amendments to the Complaint are to add parallel claims of race discrimination and harassment under 42 U.S.C. § 1981 pursuant to Plaintiff's employment contract with defendant. [ADD]

13.     Considering the early stage of the case, the timeliness of the amendment, the correction of non-substantive paragraph numbering only, and absence of prejudice to Defendant, Plaintiff respectfully requests the Court grant Plaintiff's unopposed motion for leave to amend his Complaint and enter the First Amended Complaint as the operative complaint.

### Conclusion

Accordingly, Plaintiff respectfully requests that the Court grant her Motion for Leave to File an Amended Complaint and therefore enter her proposed First Amended Complaint as the operative complaint in this case.

Dated this November 21, 2025.

TYRONE GLOVER LAW, LLC

*s/ Helen Oh*
Helen Oh #54056
Genevieve Mesch #59868
Tyrone Glover #41529
Tyrone Glover Law, LLC
2590 Walnut Street
Denver, CO 80205
T: 303-577-1655
tyrone@tyroneglover.com
helen@tyroneglover.com
genevieve@tyroneglover.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Helen Oh*
Helen Oh #54056
